**MUTUAL LIFE INS. CO. OF NEW YORK v. TABB et al.**

No. 6172.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1931.

J. Harvey Thompson, of Jackson, Miss. (Robert H. Thompson, of Jackson, Miss., and Frederick L. Allen, of New York City, on the brief), for appellant.

Thomas L. Haman, of Houston, Miss., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The Mutual Life Insurance Company of New York issued a policy of insurance on the life of Henry J. Bullard, payable to his estate. There was attached to the policy, and made a part of the insurance contract, a written application signed by Bullard which provided: "The proposed policy shall not take effect unless and until delivered to and received by the Insured, the Beneficiary or by the person who herein agrees to pay the premiums, during the Insured's continuance in good health and unless and until the first pre-

mium shall have been paid during the Insured's continuance in good health; except in case a conditional receipt shall have been issued as hereinafter provided." The application was signed on February 15, 1929, and Bullard died on March 21 following. The policy was dated February 20, 1929, and, for reasons hereinafter to be stated, was mailed by the district manager to one Fred Dulaney, who received it about March 10, at which time Bullard to his knowledge was not in good health, but was confined to his bed, suffering from a serious illness from which he never recovered. Within a day or two after receiving the policy, Dulaney mailed a check in payment of the first premium to the district manager of the insurance company, and on March 15 called on Bullard for the purpose of having the policy assigned to James P. Tabb to secure a debt. Dulaney testified that Bullard was so sick that Mrs. Bullard, at his direction, executed the assignment. This suit was brought by Bullard's widow as administratrix of his estate, and by Tabb as assignee of the policy. In view of the admitted fact that the policy was not delivered and the first premium paid during Bullard's continuance in good health, recovery was sought on the theory that the policy became effective from the date of the application under a conditional receipt clause contained in it which reads as follows: "$———— in cash has been paid to the Soliciting Agent and a conditional receipt No. ————, signed by the Secretary of the Company, and countersigned by the agent, has been issued making the insurance in force from this date, provided this application shall be approved." In support of that theory, it was necessary to prove that Dulaney was the agent of the insurance company, and that as such it was his duty to issue the conditional receipt. At the close of the evidence, the district judge denied a motion for a directed verdict, and charged the jury that the proof was sufficient under the law of Mississippi to show that Dulaney was the agent of the insurance company, and as such had received the first premium, with the result that the insurance was in force from the date of the application. Under that instruction, Bullard's illness at the time the policy was delivered to Dulaney was not a defense to the suit. The trial resulted in a verdict and judgment for the plaintiffs in the action.

Bullard was induced by Tabb, to whom he was indebted, to apply for the insurance and to pledge the policy when received as security for the debt. Tabb was vice president and Dulaney was cashier of a bank at Houston, Miss. Tabb instructed Dulaney to procure the insurance, to pay the first premium, and to charge the amount thereof to his account. Dulaney was not an insurance agent, but, acting under Tabb's instructions, he got into communication with appellant's district manager, who took Bullard's application. The district manager did not ask or receive from Bullard the amount of the first premium, for the reason that Dulaney told him he would pay it; nor did Dulaney pay, or offer to pay, the first premium until after he had received the policy.

We are of opinion that under the circumstances developed by the evidence it was error to refuse to grant appellant's motion for a directed verdict. The policy was not delivered while Bullard was in good health, and therefore, under the terms of the insurance contract, did not take effect, unless it was put in force from the date of the application by the clause thereof which provides for the issuance of a conditional receipt. That clause was not filled in, but the spaces provided for writing in the amount of cash received and the number of the conditional receipt were left blank; and quite naturally so, for the district manager who took the application received no cash and no conditional receipt had been issued. It would not be argued, we assume, that the presence of that clause in the printed form of the application, left blank as it was, was intended to have or had any binding effect upon the insurance company, except for the contentions that Dulaney was appellant's agent, and as such had available sufficient funds of Tabb to pay the first premium. Dulaney was not in fact appellant's agent; in everything he did he was acting as agent for Tabb. He was not directed by Tabb to pay the first premium before he received the policy. As Tabb's agent, he received the policy through the mail, and afterwards paid the premium and procured the assignment from Bullard. He did not solicit the insurance, deliver the policy, collect the premium, or do any act or thing on behalf of appellant. He is therefore not to be deemed in law appellant's agent by reason of any provision contained in section 5873 of Hemingway's Code of Mississippi, the object of which is to preclude insurance companies from denying that persons acting at their instance or request are their agents. The view we take of the case on the question of agency renders it unnecessary to consider other assignments of error.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.